IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENOVEVA ZARAGOZA,            § | |
|     PLAINTIFF,            § | |
|                       § | |
| V.            § | CASE NO. 3:22-CV-1806-G-BK |
|                       § | |
| PHH MORTGAGE CORPORATION            § | |
|     DEFENDANT.            § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 2. Before the Court is *Defendant PHH Mortgage Corporation's Motion to Dismiss*. Doc. 4. For the reasons that follow, Defendant's motion should be **GRANTED**.

**I.      BACKGROUND**

Plaintiff initiated this action in state court following the foreclosure on her home (the "Property"). Doc. 1-2. She alleges that in 2005, she obtained a loan on the Property, after which Newrez c/o PHH Mortgage Services ("Defendant") began servicing the loan. Doc. 1-2 at 5. In April 2022, following Plaintiff's default on her mortgage, Defendant recorded a "Notice of [Substitute] Trustee Sale," setting the foreclosure sale of the Property for June 7, 2022. Doc. 1-2 at 5-6; Doc. 1-2 at 11. Thereafter, Plaintiff communicated with Defendant about the status of the Property given the parties' "active loan modification discussions." Doc. 1-2 at 5. In a letter dated May 25, 2022, Defendant informed Plaintiff that "[t]he Foreclosure proceedings have been placed on hold, effective May 4, 2022." Doc. 1-2 at 5; Doc. 1-2 at 15. Based on Defendant's letter, Plaintiff alleges that she believed the sale was on hold and that she was "await[ing] further

communications from [Defendant] regarding [her] loss mitigation options." Doc. 1-2 at 5-6. However, Defendant sold the Property on the date originally set for the foreclosure sale—June 7, 2022. Doc. 1-2 at 6.

Plaintiff then filed this action against Defendant[1] alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), as well as misrepresentation and estoppel claims. Doc. 1-2 at 6-8. Plaintiff also seeks consequential damages, attorneys' fees, and a declaratory judgment. Doc. 1-2 at 7-8. Defendant removed the case to this Court based on federal question jurisdiction and filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, "the court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the [nonmoving party].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation omitted). To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Although district courts

---

[1] Plaintiff also named Erika N. Salter, the purchaser of the Property, as a defendant but subsequently terminated her from this case. Doc. 1-2; Doc. 12.

cannot go outside the pleadings when determining a motion to dismiss, a court may consider documents attached to a motion to dismiss if such "are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99.

## III. ANALYSIS

### A. RESPA Claims

Plaintiff alleges Defendant violated 12 C.F.R. §§ 1024.35, 1024.39, and 1024.41. Doc. 1-2 at 6. Specifically, she argues Defendant (1) failed to accurately inform her of her loss mitigation options and of the foreclosure sale as required by section 1024.39; and (2) engaged in impermissible "dual tracking" when it advised her that "her loan was being reviewed for loss mitigation options" while simultaneously moving forward with the foreclosure sale. Doc. 1-2 at 6-7.

Defendant argues Plaintiff's RESPA claims should be dismissed, as Plaintiff's complaint fails to identify which portions of sections 1024.35, 1024.39, and 1024.41 Defendant allegedly violated. Doc. 5 at 9. Defendant also avers, *inter alia*, that neither sections 1024.35 nor 1024.39 provide a private cause of action, and it did not owe Plaintiff a duty under RESPA as she failed to plead that she submitted her first complete loss mitigation application by the deadline set out in the governing regulation. Doc. 5 at 2, 9-12.

Plaintiff responds that (1) she stated which laws Defendant violated and explained the nature of the violations; (2) although certain RESPA provisions may not provide a private cause of action, all of her section 1024 claims are incorporated into the parties' Deed of Trust (the "Deed"), which Defendant violated by "dual tracking"; and (3) she alleged that she submitted a

3

loss mitigation application even though she did not specify that the application was "complete." Doc. 10 at 5, 7.

### 1. RESPA Sections 1024.35 and 1024.39

First, there is doubt as to whether sections 1024.35 and 1024.39 confer a private right of action to borrowers. *See Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 & n.16 (5th Cir. 2016) (per curiam) (stating, without deciding, that "[section] 1024.35, which incorporates violations of [section] 1024.39, does not provide a private right of action for damages.") (citation omitted); *Wilson v. Deutsche Bank Tr. Co. Ams.*, No. 3:18-CV-0854-D, 2020 WL 570915, at *6 (N.D. Tex. Feb. 5, 2020) (Fitzwater, J.) (same). But even if the Court assumes *arguendo* that there is a private right to action under these sections, Plaintiff's claims fail on the merits.

Section 1024.35 requires a servicer of a loan to furnish a written response "for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a), (e). Here, Plaintiff does not adequately plead that the parties' communications satisfy section 1024.35(a). She fails to allege that she provided Defendant with a written notice, that it contained any of the requisite information, and that Defendant failed to provide a written response to her notice. *See Wilson,* 2020 WL 570915, at * 6 (finding plaintiffs' claim that they asked the defendant if it "had notified the law firm to halt the foreclosure" and the defendant responded via email insufficient under section 1024.35). As such, any claim Plaintiff could assert under section 1024.35 necessarily fails.

4

Under certain circumstances, section 1024.39(a) requires a servicer to "make good faith efforts to establish live contact with a delinquent borrower . . . [and] inform the borrower about the availability of loss mitigation options." 12 C.F.R. § 1024.39(a). Plaintiff alleges that Defendant failed "to provide accurate information to [her] regarding her loss mitigation options and foreclosure. Doc. 1-2 at 6. This allegation does not demonstrate that the circumstances of her foreclosure triggered section 1024.39's protections or that Defendant did not make a *good faith effort* to contact her after her default or to inform her of her loss mitigation options. *See Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018) (finding that the plaintiffs' section 1024.39 claim must fail as they "allege[d] only that [the defendant] did not provide *accurate* information, not that [the defendant] failed to make a good faith effort to inform them of their loss mitigation options.") (emphasis in original).

Therefore, Plaintiff's RESPA sections 1024.35 and 1024.39 claims should be **DISMISSED**.

### 2. RESPA Section 1024.41

Section 1024.41(g) prohibits "dual tracking," which is when a "lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham*, 642 F. App'x at 359 (citing 12 C.F.R. § 1024.41). "Section 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Id.* However, section 1024.41(g) only prohibits foreclosure when "a servicer receives a complete loss litigation application more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(g).

Here, although Plaintiff's complaint references discussions between the parties regarding her "loss mitigation options" and states that the foreclosure sale was put on hold pending the outcome of her loan modification application, she did not plead any facts from which it can even

5

be inferred that Defendant received her complete loss mitigation application at least 37 days before the June 7, 2022 foreclosure sale. *See Gresham*, 642 F. App'x at 359 (finding that the plaintiff's failure to plead that she submitted her complete loss mitigation application by the requisite date barred her dual trafficking claim under section 1024.41); *Mitchell v. Money Source Inc.*, No. 3:20-CV-277-M-BN, 2021 WL 2324169, at *5 (N.D. Tex. Apr. 23, 2021) (Horan, J.) (finding invalid plaintiff's section 1024.41 claim as he did not allege that the defendant "received a completed application at least 37 days before the noticed foreclosure."). As such, Plaintiff's section 1024.41 claim should be **DISMISSED**.

### B. *Misrepresentation Claim*

Plaintiff next alleges that (1) Defendant made representations to her about her loan workout options and the on-hold status of the June 7 foreclosure sale; (2) the representations were false; (3) she reasonably and detrimentally relied on Defendant's representations as she would have "sought injunctive relief and/or bankruptcy protection but-for Defendant['s] . . . representations"; and (4) her reliance resulted in damages, i.e., the loss of the Property. Doc. 1-2 at 3, 7.

Defendant avers that Plaintiff's misrepresentation claim fails under both the Rule 12(b)(6) pleading standard and the heightened pleading standard of Federal Rule of Civil Procedure 9(b), as she does not (1) identify what representation(s) Defendant made; (2) explain how or why the representation was false; (3) state how she relied on the representation, how it was reasonable, or how her reliance was detrimental to her; and (4) demonstrate her damages caused by the representations. Doc. 5 at 13-14. Defendant further asserts that even if Plaintiff states a plausible misrepresentation claim, it is barred, *inter alia*, by the economic loss rule because Defendant's alleged misrepresentations regarding Plaintiff's loan modification options

6

and the status of the foreclosure sale arise under the Deed and such claim would alter Defendant's duties and rights under the Deed.  Doc. 5 at 15.  In response, Plaintiff does not refute the applicability of the economic loss rule but seeks leave of Court to "re-cast" her misrepresentation claim as one for breach of contract.  Doc. 10 at 9-11.

Defendant is correct that Plaintiff's misrepresentation claim is barred by the economic loss rule.  "[The] contractual economic loss rule precludes a party from bringing a tort action based only on a defendant's breach of duties imposed by a contract, instead limiting plaintiffs to a common law breach of contract suit or its statutory equivalent."  *Correct RX Pharmacy Servs., Inc. v. Cornerstone Automation Sys., L.L.C.*, 945 F.3d 423, 428 (5th Cir. 2019); *see also Obuekwe v. Bank of Am., N.A.*, No. 4:11-CV-762-Y, 2012 WL 1388017, at *8 (N.D. Tex. Apr. 19, 2012) (Means, J.) (finding that the plaintiff's misrepresentation claim against its loan servicer "flow[ed] from the deed of trust" and was thus barred by the economic loss rule).  Because Plaintiff's misrepresentation claim is based on Defendant's alleged breach of the Deed, it is barred by the economic loss rule and should be **DISMISSED**.[2]

### C.  Estoppel Claim

Plaintiff also alleges that Defendant was "estopped from conducting the June 7, 2022 foreclosure sale because of its actions and conduct prior to said sale."  Doc. 1-2 at 3, 7. Defendant contends that Plaintiff fails to satisfy her pleading burden with her "naked" and "bare" estoppel allegation which states no elements or supporting facts.  Doc. 5 at 18.  "[T]he doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the

---

[2] Consequently, the Court does not reach Defendant's remaining arguments as to this claim.

facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998) (citation omitted).

Although Plaintiff incorporates the facts of her complaint by reference and proffers support in her response brief to this motion, Doc. 10, including that Defendant made its representation in its May 25, 2022 letter, her proffer is not sufficient to adequately plead the elements of equitable estoppel. *See Horton v. Tarrant Cnty. Hosp. Dist.*, No. 4:22-CV-0009-P, 2022 WL 620950, at *2 (N.D. Tex. Mar. 3, 2022) (Pittman, J.) ("[A]t the motion-to-dismiss stage, the Fifth Circuit is clear: factual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court.") (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)); *Mangrum v. Conrad*, 185 S.W.3d 602, 606 (Tex. App.—Dallas 2006) review denied (Sept. 1, 2006) ("The party asserting estoppel has the burden of proving the essential elements of estoppel, and the failure to prove any element is fatal."). Thus, Plaintiff's estoppel claim should be **DISMISSED**.

### D. Declaratory Judgment

Plaintiff seeks a judgment declaring that she has a superior title interest in the Property. Doc. 1-2 at 8. However, on this record, she is not entitled to such.

When a state-filed declaratory judgment action is removed to federal court, it is treated as though it was brought under the federal Declaratory Judgment Act (the "DJA"). 28 U.S.C. § 2201; *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017) (citation omitted). The DJA gives federal courts "broad discretion" to grant or refuse a declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). The availability of a declaratory judgment, however, depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In other words, a declaratory judgment action is merely a

vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law, but it cannot stand on its own. *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). Because all of Plaintiff's substantive claims fail for the reasons outlined above, her declaratory judgment request should also be **DISMISSED**.

## IV.     LEAVE TO AMEND

Although a court may dismiss a claim that fails to meet the pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, because Plaintiff seeks leave to amend her complaint, Doc. 9 at 2; Doc. 10, *passim,* and has not attempted to amend before, she should be given the opportunity to cure the deficiencies noted herein, if possible. *See* FED. R. CIV. P. 15(a) (leave to amend should be freely given).

## V.     CONCLUSION

For the foregoing reasons, *Defendant PHH Mortgage Corporation's Motion to Dismiss*, Doc. 4, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**. In the interest of justice, however, **Plaintiff is granted leave to file an amended complaint by March 21, 2023**. If Plaintiff fails to do so, or if her amended complaint fails to cure the deficiencies noted herein or state any legally cognizable claim, Plaintiff's claims

should be dismissed with prejudice upon Defendant's re-urging.

**SO RECOMMENDED** on March 7, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).